HIRAM COOK et al.

*vs.*

DAVID KENDALL et al.

. The Legislature has not the power to deny a remedy, or cut off an exist-
.ing right of action; but subject to this limitation its power to enlarge or
lessen the time—at least before the statute has barred a right of action—
or to establish a limitation cannot be questioned.

A statute of limitation affects only the remedy, and therefore every case
must be governed by. the law in force on that subject, when suit is brought.

A law limiting the time for commencing an action *for damages* does not
cover actions to abate or enjoin a nuisance.

The plaintiffs were the owners of a grist-mill and dam erect-
ed by them in 1867 on a stream of water flowing from Lake
Washington, in Le Sueur county, and constituting its outlet.
They brought this suit in the District Court for that county,
alleging that in January, 1868, by the acts of the defendants,
the water was dammed up and obstructed at the outlet of said
lake above plaintiff's mill, so as to stop its natural flow, and
prevent the running of plaintiff's mill. They demanded the
damages resulting from the stopping of the mill, and that a
writ of injunction issue restraining the defendants from ob-
structing the flow of the water of Lake Washington from its
natural passage, to the plaintiffs' mill, &c. A temporary writ
of injunction was granted and issued. The defendants answer-
ed, setting up substantially, among other things, for a defense:
That defendant David Kendall has been the owner of, and op-

erated a mill and dam on the said stream above the plaintiffs' mill and dam, with a dam built at the outlet of said lake for the purpose of creating a reservoir in said lake, for more than ten years, which constitute the acts complained of; and that no suit at law or in equity had been instituted or maintained within said ten years, in any Court, for the recovery of any damages occasioned by the erection of said mill or dams by any person or persons whatever. To this defense the plaintiffs demurred. A motion was made by defendants upon the pleadings to set aside the temporary injunction. The Court modified the injunction, but refused to set it aside. The defendants appeal from the order of the Court below on this motion. There were other defenses to the action, and the motion to set aside the injunction was also based upon other matters in the pleadings, but as the only question urged or discussed upon the appeal was that the action was barred by the statute of limitations, it is unnecessary to state them.

E. St. Julien Cox for Appellants.

Charles S. Bryant and Hanscome & Wallin for Respondents.

*By the Court*—Wilson, Ch. J.—This is an appeal from an order modifying an injunction.

The only ground for the appeal urged is that the action is barred by the statute of limitations, and the case of *Eastman vs. St. Anthony Falls Water Power Co.*, 12 *Minn.*, 137; and *Sec.* 17, *chap.* 31, *Gen. Stat.*, are relied on in support of the appellants' views. The decision referred to only holds that *Sec.* 12, *Chap.* 60, *Comp. Stat.*, limited the time for commencing an action of this kind to ten years after the cause of action arose. But that section was repealed in 1866, before this plaintiff had a right of action, and before the statute had

barred an action to abate the nuisance here complained of. It therefore does not apply to this case. The legislature has not the power to deny a remedy, or cut off an existing right of action; but subject to this limitation its power to enlarge or lessen the time—at least before the statute has barred a right of action—or to establish a limitation can not be questioned. A statute of limitation, affects only the remedy, and therefore every case must be governed by the law in force when suit is brought. *Holcomb vs. Tracy*, 2 *Minn.*, 345; *Burwell vs. Tullis*, 12 *Minn.*, 577; *Penniman vs. Ritch*, 3 *Met.*, 218.

*Section* 17, *chap.* 31, *Gen. Stat.*, is inapplicable. It relates only to an *action for damages*, and cannot by construction be extended to an action to abate or enjoin a nuisance. *Bedel vs. Janney*, 4 *Gilman*, 193; *Hazel vs. Shelby*, 11 *Ill.*, 9.

Order affirmed.