## Fitz Simons & Connell Co. v. Braun & Fitts.

94    533
a199s 390

1.    CONTRACTOR—*Liability for Injuries Resulting from the Use of Explosives.*—A contractor who makes use of a dangerous explosive in the ground near the property of another is liable for the resulting injury irrespective of the degree of care in handling or using such explosive.

2.    EVIDENCE—*Of the Effect of Blasting upon Property Adjacent to that Injured, Competent.*—In an action to recover damages for injuries resulting from the use of dangerous explosives in blasting, evidence of the effect of the use of such explosives upon property adjacent to that claimed to have been injured, is competent as tending to establish the fact that the use of the explosives by disturbance of the earth in the locality caused the injury complained of, but the exclusion of evidence that other property at various distances from the property injured was not so affected was not error.

Trespass on the Case, for injuries resulting from the use of dangerous explosives.    Appeal from the Superior Court of Cook County; the HON. AXEL CHYTRAUS, Judge, presiding.    Heard in this court at the October term, 1900.    Affirmed.    Opinion filed May 6, 1901.

This suit was brought by appellee to recover for damages to a brick building caused, as is alleged, by underground blasting done by appellant in the constructing of a tunnel, under contract with the city of Chicago.    The suit was begun against both appellant and the city, but was discon-

tinued as to the latter. By the terms of the contract between appellant and the city the use of explosives was prohibited except in rock excavation. The work which was being done at the time of the injury to appellee's building was not in rock, but in what is known as glacial drift or conglomerate, which is indurated clay with some gravel and boulders imbedded in it. The evidence discloses that the excavation through this substance might be effected without the use of any explosives, but that if so done it would be more expensive and less profitable to the contractor, appellant, than if explosives were used for blasting in it.

The tunnel, which was to be used by the city in its system of water-works, ran about ninety feet beneath the surface of the ground and within about ten feet of the corner of appellee's building. The evidence shows that simultaneously with the occurrence of explosions in the tunnel in the vicinity of appellee's building, there occurred shaking and vibration of the earth there and the walls of appellee's building were cracked and injured.

Each count of the declaration alleged negligence in the use of explosives. The court, among other instructions, gave the following:

" The jury are instructed as a matter of law, that a person uses a dangerous explosive at his peril, and that if the use of such explosive causes injury to the property of any other person, the person so using such dangerous explosive is in law liable for the damages so caused."

In another instruction the element of negligence in the manner of the use of the dangerous explosive is likewise ignored as an essential to a recovery.

A witness presented by appellee, who owned a building upon property next adjacent to appellee's property, was permitted, over objection of appellant, to testify to the effect of the blasting in the tunnel upon his building.

Evidence proffered by appellant to show that a building forty feet distant from appellee's building was not injured, was excluded by the court.

An instruction was tendered by appellant to the effect

that if the jury believed from the evidence that the injuries complained of were not the natural result of the acts of the defendant, and could not have been foreseen or reasonably expected to result from its conduct, then the defendant would not be liable; and also an instruction to the effect that if the jury believed from the evidence that appellee had reasonable ground to anticipate injury to his building by the construction of the tunnel, and by reasonable care could have prevented such injury, but failed to do so, and the building was injured on account of work done by appellant in constructing the tunnel, then appellee could only recover what it would have cost to have prevented such injury, with legal interest thereon, from the time of the incurring of such expense.

Both of these instructions were refused by the court.

Another instruction tendered by appellant to the effect that if the jury believed that the vibrations or pulsations claimed to have been communicated to plaintiff's building were not negligently caused, but resulted from the peculiar character of the soil on plaintiff's lot, and of the property lying between said lot and the point in said tunnel where defendant was working, then appellant was not liable, was also refused.

The jury returned a verdict for appellee and assessed its damages at $2,750. The damages were permitted to be measured by the cost of repairing the building.

From judgment upon the verdict this appeal is prosecuted.

MEEK, MEEK, COCHRANE & MUNSELL and COLLINS & FLETCHER, attorneys for appellant; LORIN C. COLLINS, of counsel.

MORAN, MAYER & MEYER, attorneys for appellee; T. A. MORAN, of counsel.

MR. JUSTICE SEARS delivered the opinion of the court.

The chief and controlling question presented upon this appeal is as to the extent of the liability of a contractor who, by use of dangerous explosives, causes injury to property of another. If, when the use is lawful, even though natu-

rally dangerous in probable consequences, no liability can be predicated save upon a negligent manner of use, then this cause was submitted to the jury upon an erroneous theory of law. If, however, the contractor, who makes use of a dangerous explosive in the ground near the property of another, and when a natural and probable, though not inevitable, result of such use is injury to such property, is liable for the resulting injury irrespective of the degree of care exercised in the handling or exploding of the substance, then the case was properly submitted and the recovery may be sustained. The authorities of different jurisdictions are not in harmony upon this question.

It is doubtless the rule, well established in the courts of New York and New Jersey, and approved by some of the text writers, that when blasting, conducted upon ground where the operator has lawful right to blast, by the mere disturbance of the earth or air causes injury to adjacent property, a liability for such injury can only be imputed when there has been some negligence in the manner or process of handling the explosive. It is there held that it is not enough to impute liability that the blasting, however carefully conducted, would naturally cause the injury, provided it is conducted where it lawfully might be, and provided that no substance is thrown upon the premises injured so as to constitute a physical invasion of them. Benner v. Atlantic Dredging Co., 134 N. Y. 156; Booth v. R. W. & O. T. R. R. Co., 140 N. Y. 267; French v. Vix, 143 N. Y. 90; Simon v. Henry, 41 Atlantic Rep. (N. J.), 692.

In some cases the decision is put upon the ground that where the act done is not a nuisance in law, there can be no liability in the absence of negligence. In other of the decisions the rule is stated that where the injury is not direct, but is consequential, such as is caused by concussion or vibration, which by the shaking of the earth injures property, there can be no liability in the absence of negligence in the manner of handling the explosive.

In New York it is held that when the injury to property by use of explosives is direct, as by throwing rocks or other

substance upon the land and causing injury, the person causing such injury by blasting is liable for the injury thus directly resulting, even although the blasting be done upon his own property, and irrespective of any negligence in operating the explosives.    Hay v. Cohoes Co., 2 N. Y. 159; Tremain v. Cohoes Co., 2 N. Y. 163.

Both of these decisions are cited with approval and the doctrine announced is re-affirmed in Sullivan v. Dunham, 161 N. Y. 290.    In the latter case the court announced the doctrine, saying :

" The use of land by the proprietor is not, therefore, an absolute right, but qualified and limited by the higher right of others to the lawful possession of their property. To this possession the law prohibits all direct injury, without regard to its extent or the motives of the aggressor. * * * If he can not construct the work without the adoption of such means, he must abandon that mode of using his property or be held responsible for all damages resulting therefrom.    He will not be permitted to accomplish a legal object in an unlawful manner."

But the court, adhering to the distinction between direct and consequential injury, holds that when the injury is consequential, there can be no recovery merely by reason of the dangerous character of the work in absence of specific negligence.

But it has been held differently elsewhere.    In California the doctrine is broadly stated and held that whenever one uses a violent and dangerous explosive to blast rock, even upon his own premises, if such premises are contiguous to other property which may probably and naturally be thereby injured, such use is sufficient to impose a liability for injury, direct or consequential, irrespective of the degree of skill or care exercised in using the explosive.    Colton v. Onderdonk, 69 Cal. 155.

In that case the court said :

" The fact that the defendant used quantities of gunpowder, a violent and dangerous explosive, to blast out rocks upon his own lot, contiguous to another person's, situate in a large city, must be taken as an unreasonable, unusual and unnatural use of his own property, which no care or skill

in so doing, can excuse him from being responsible to the plaintiff for the damages he actually did to her dwelling house, as the natural and proximate result of his blasting. For an act which, in many cases, is in itself lawful, becomes unlawful when, by it, damage has accrued to the property of another. And it would make no material difference whether that damage, resulting proximately and naturally from the act of blasting by the defendant, was caused by rocks thrown against Mrs. Colton's dwelling house or a concussion of the air around it, which had either damaged or entirely destroyed it. The defendant seems, by his contention, to claim that he had a right to blast rocks with gunpowder on his own lot in San Francisco, even if he had shaken Mrs. Colton's house to ruins, provided he used care and skill in so doing, and, although he ought to have known that by such act, which was intrinsically dangerous, the damage would be a necessary, probable or natural consequence. But in this he is mistaken."

We are not put to the necessity of determining, as matter of first impression, between the weight of these conflicting authorities, because in our opinion our own Supreme Court have indicated which doctrine shall govern here.

In Joliet v. Harwood, 86 Ill. 110, a question as to liability for injury caused by blasting was considered and determined by the court. In that case it appeared that it was necessary in the construction of a public work that blasting of rock should be done in a public street of the city. The contractor used all due care, skill and caution in performing the work of blasting. A stone was thrown by the blast against a building of the plaintiff and injury thereby caused. Judgment was given against the city, and the Supreme Court in affirming it said :

" It is insisted that O'Riley, the contractor, is responsible for this injury, and not the city; and this upon the position that where public work is done by an independent contractor, with the city, the doctrine of *respondeat superior* does not apply. Dillon, in his excellent work on Municipal Corporations (Sec. 792), says : ' Such is the general rule; but it is important to bear in mind that it does not apply where the contract directly requires the performance of work intrinsically dangerous, however skillfully performed. In such case a party authorizing the work is regarded as

Fitz Simons & Connell Co. v. Braun & Fitts.

the author of the mischief resulting from it, whether he does the work himself or lets it out by contract.' In this case the work which the contractor was required by the city to do was intrinsically dangerous, however carefully or skillfully done. The right of recovery in this case does not rest upon a charge of negligence on the part of the contractor; it rests upon the fact that the city caused work to be done which was intrinsically dangerous—the natural (though not the necessary) consequence of which was the injury to plaintiff's property. In such case the city is responsible."

A dissent in that case was based only upon the application of the doctrine of *respondeat superior* or the rule as to independent contractor. No division of opinion appears upon the proposition of a liability of the contractor. It is true that in the Harwood case the injury was not consequential, for there was an actual invasion of the property of the plaintiff, a rock having been thrown by the blast against his building. But the principle upon which the recovery there is justified is announced broadly and without any distinction between injuries caused by substances thrown against the property, *i. e.*, actual invasion, and injuries caused by the concussion or vibration of earth or air, which might be regarded as consequential only. This decision has been cited with approval in Village of Jefferson v. Chapman, 127 Ill. 438; Chicago E. F. G. Co. v. Myers, 168 Ill. 139, and followed by this court in Capitol Electric Co. v. Hanswald, 78 Ill. App. 359.

The doctrine thus established and approved has apparently the support of logic and natural justice.

It would seem absurd that any refinement of reasoning as to nuisance *per se* or as to injury, consequential or by physical invasion, should be permitted to obstruct the natural justice of a rule which would make one who chooses for his own convenience or profit to use agencies which in their probable and natural results will injure the property of others, answerable for the loss occasioned by such injuries. Nor are authorities wanting which, by analogy at least, support the doctrine.

In 2 Shearman and Redfield on Neg., 4th Ed., Sec. 716, in relation to the liability of miners, the authors say :

" And for any injury done to the surface owner by the decadence of the land in consequence of the mining operatives, the miner is responsible, notwithstanding he may have used the utmost care."

In Wood on Nuisances (2d Ed.), Sec. 128, the author says :

" The usual question is whether the injury resulted from some act done outside the property injured, and is the natural and probable consequence of the act or thing complained of. If so, it is a nuisance, however lawful in itself, and however high a degree of care or skill may have been exercised to prevent the injury."

In Harding v. Boston, 163 Mass. 14, the Supreme Court of Massachusetts held that under the facts of that case the city was not liable for a trespass upon the land of the plaintiff, because the city had let the work to one who stood as an independent contractor and who was alone liable for the wrong. In distinguishing between that case and cases where the work is intrinsically dangerous, so that in the natural course of things injurious consequences must have been expected to result, the court cite the decision of the Supreme Court of Illinois in the Harwood case.

In Bradford Co. v. St. Mary's Co., 60 Ohio St. 560, the injury resulting from an explosion was by concussion or vibration, i. e., consequential injury. The Supreme Court of Ohio said :

" When the owner of a stone quarry, by blasting with gunpowder, destroys the buildings of an adjoining landowner, it is no defense to show that ordinary care was exercised in the manner in which the quarry was worked."

In that case the ground of liability invoked and asserted was the storing of nitro-glycerine upon the defendant's own premises, and the court in affirming a liability without regard to any negligence in the manner of storing, and without distinction as to direct or consequential injury, and because of the inherent dangers of storing it at all, based its conclusion by analogy upon the rule as to blasting as above quoted. See also, City v. McCormick, 34 Ohio St. 638; Cahill v. Eastman, 18 Minn. 324; Mears v. Dole, 135 Mass. 508.

Fitz Simons & Connell Co. v. Braun & Fitts.

It would seem, therefore, that while all decisions agree as to liability under circumstances like those here presented, where the injury resulting from the use of dangerous explosives is a direct injury by physical invasion, the courts of New York and New Jersey distinguish an injury which results from concussion or vibration only, and hold that it is a consequential injury for which no liability can be imputed unless through specific negligence in the method of use, and the courts of Massachusetts, Ohio, California and Minnesota disregard any such distinction and hold to a liability for injuries, whether direct or consequential, if they are the probable and natural result of the use of a dangerous agency. We regard the announcement in the Harwood case as indicating that our Supreme Court would adopt the latter doctrine.

We do not regard the errors assigned as to the rulings of the court upon instructions as presenting any sufficient ground for reversing this judgment.

The first instruction noted in the preceding statement of facts, states a correct proposition of law, but we do not consider the refusal of it as reversible error. There was no conflict in the evidence as to the natural effect of dynamite when exploded, in causing concussion and shaking of the adjacent earth. The evidence was that it did cause such results. There was no evidence to the contrary. Hence it was not prejudicial to appellant to refuse to submit an issue upon this matter to the jury. Court and jury could draw but one conclusion from the facts established in this case, viz., that a natural result of exploding dynamite in the earth was to cause a disturbance of adjacent earth, and that the result did here obtain to the injury of the property of appellee. The other two instructions noted were properly refused, and there was no evidence in the case which warranted the court in giving them.

We are of opinion that the instructions tendered by counsel for appellee and given by the court are substantially correct. The facts assumed in one of them are uncontroverted, and hence the assumption is a fault which

worked no prejudice.    Other objections to these instructions we regard as presenting no ground of substantial error.

We do not regard the evidence as insufficient to sustain the recovery under the allegations of the *narr.*    It is true that it is alleged in each count that the defendant negligently used the explosive.    But the charge is not confined to the manner of handling the explosive, but goes to the negligence of any use of it, however careful the particular method of handling, which naturally caused an injury to another.    While there is no evidence to establish any negligence in the specific manner in which the explosive was handled, yet the evidence does establish that negligence which the law imputes to an act by which the property of another will naturally and probably be caused a consequential injury.    We are of opinion that there is no variance.    Haines v. Roberts, 7 El. & Bl. 625.

It is urged by the learned counsel for appellant that if a recovery is warranted, yet the damages have been measured upon an erroneous basis.    In this behalf it is contended that the true measure is the difference between the market value of the property before and after the injury, and that there was error in permitting a measurement by the cost of repairs.    The decisions cited in support of this contention do not sustain it.    Here there is no question of injury to the land.    The injury is to the building only, and is of such a character that it may be precisely remedied by repairs.    Nor is there any question of a comparison of benefits caused by improvement with injuries resulting.    It was a simple matter of determining the extent of pecuniary compensation for the injury to a building.    We are unable to perceive how any prejudice could result to appellant by measuring the damages by the cost of repair.    2 Waterman on Trespass, Sec. 1093; Duke v. Hundred, 4 Barn. & Ad. 272; Colton v. Onderdonk, 69 Calif. 155.

It is also contended by counsel for appellant that the cost of repair in 1900 was not proper to be considered, but that the inquiry should have been limited to the cost of repairing in 1896, when the injury occurred.    But the evi-

dence discloses the difference in the cost of making the repairs between 1900 and 1896, and the verdict is apparently not excessive when measured by the cost in the latter year. Hence no harm resulted to appellant either from evidence or instructions to the jury in this behalf.

It is assigned as error that the court admitted evidence as to effect of the blasting upon the property of Harms and excluded a proffer of other evidence as to lack of any effect upon the property of Berrinson. We are of opinion that there was no error in these rulings. The property of Harms was adjacent to appellee's property, and it was shown that the earth there was shaken by the explosions. This was competent as tending to establish that the blasting, by disturbance of the earth in that exact location, caused the injury here sued for. But the fact that Berrinson's property, located forty feet away, was not disturbed, did not go to controvert this fact. The appellant might have presented an unlimited number of witnesses to show that other properties at various distances from the property of appellee were not injured. Such evidence would not be competent.

Various other objections are presented to rulings of the trial court upon the evidence. We find no reversible error in any of them. The map was sufficiently proved. The testimony of a witness that the explosions were violent, was testimony as to a fact, not a mere opinion, and was competent.

We find no sufficient ground for reversing the judgment in the overruling of the objections to questions upon the ground that they were leading, as it seems unlikely that the rights of appellant could have been prejudiced by answers to any such questions.

Upon the whole record we are satisfied that substantial justice has been done, and that there has been no reversible error in matters of procedure.

The judgment is affirmed.