## George Harper et al. v. John Mangel.

1. STATUTES—*Construction of Sec. 19, Chap. 22, R. S.*—Section 19, Chapter 22, R. S., entitled Chancery, and providing, in substance, that when a defendant not summoned or served with a copy of the bill, shall within a year after notice in writing given him of a decree against him, or within three years, if no such notice has been given him, appear in open court and petition to be heard touching such decree, was intended to give an additional remedy and not to limit or take away those already in existence.

2. SAME—*Applicability of the Statute.*—Where the allegation of a bill is that the return indorsed upon a writ as served upon the defendant is false, and that such writ never was in fact served upon him by any one in any manner, it may well be doubted if the statute (Sec. 19, Chap. 22, R. S.) is applicable to a decree obtained upon such a return.

3. RETURNS—*Of Service—Remedy When False.*—If a sheriff or other officer, by fraud and collusion with a party, or by mistake, makes a false return, a court of equity has full power and jurisdiction to interpose and give the appropriate relief, and to permit the party injured to aver against the truth of the return and to show it to be false, although it is a matter of record.

**Interlocutory Decree**, granting an injunction. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed November 26, 1901.

FLOWER, VROMAN & MUSGRAVE, attorneys for appellants.

EUGENE E. PRUSSING, attorney for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from an interlocutory order granting a temporary injunction. Appellants filed a bill seeking to restrain appellee from maintaining a fruit stand which it was claimed constituted a nuisance. The summons was returned with an indorsement stating that appellee had been duly served, which return, it is now claimed, was false. It appearing, therefore, upon the face of the papers, that appellee had failed to appear after due summons, default was entered and a permanent injunction issued at the April term of the Circuit Court in accordance with the prayer of the bill. It was not until after the expiration of the term in which that injunction decree was obtained, that appellee, as it is claimed, received the first intimation of what had occurred by service upon him of the final writ. Thereupon he filed the bill now under consideration and obtained at that June term of said court the temporary injunction now appealed from, enjoining appellants herein from proceeding under the former decree, and staying the permanent writ of injunction issued in accordance therewith.

The order now appealed from was issued in the same court by the same judge who granted the original injunction now stayed. It was entered in order to preserve the *status* until the bill can be heard upon its merits. It is urged the original decree, which is now stayed, even though entered without service of process, should not be vacated or enjoined unless facts showing a good defense, and that the decree in question is inequitable, are clearly pleaded and proved; and it is contended that the bill in the case at bar does not allege facts showing the original injunction to be inequitable or unjust. That injunction restrained appellee from conducting his business at a stand which it appears from his bill of complaint he was occupying under a lease and by municipal permit, and which he alleges was not prejudicial to appellants and was not a public nuisance.

We think these allegations make out a *prima facie* case of rightful occupation justifying the temporary restraining order, and its issuance certainly shows no abuse of judicial discretion.

It is, however, contended that the bill can not be maintained, even if it be assumed that appellee has a meritorious defense and has shown diligence, because the statute gives a clear and adequate remedy. (R. S., Chap. 22, Sec. 19.) That statute provides, in substance, that when any defendant not summoned or served with a copy of the bill, shall within a year after notice in writing given him of a decree against him, or within three years, if no such notice has been given him, appear in open court and petition to be heard touching the matter of such decree, and shall pay such costs as the court may deem reasonable, he may appear and answer the bill as if no decree had been made. This provision was intended to give an additional remedy, not to limit or take away those already in existence. Wellington v. Hermans, 110 Ill. 564 (574). It is applicable in cases such as Martin v. Gilmore, 72 Ill. 193 (199), where service was had only by publication upon the party defendant, who was subsequently granted leave to answer the bill after decree. As the court there said, " such decree is rarely interlocutory." But the case before us is based upon a different showing. Here the allegation is that the return indorsed on the summons to the effect that such summons had been served on appellee " was and is false or mistaken or untrue," and that the writ was never served upon appellee by any one in any manner. It may well be doubted whether the statute in question is applicable to a final decree obtained upon a return regular upon its face, but false in fact. Such decree is not merely interlocutory. It purports to be final. It is said in Owens v. Ranstead, 22 Ill. 161 (169), " Who can doubt that it is unjust and unconscientious to enforce a judgment so obtained? We think in all cases, if a sheriff or other officer, by fraud and collusion with a party, or by mistake, makes a false return, a court of equity has full power and jurisdiction to interpose

and give the appropriate relief, and to permit the party injured, so that the remedy may be effective, to aver against the truth of the return and show it to be false, although it is a matter of record." To compel the defendant to enter his appearance in a case where he had not been summoned as a condition of relief against a false return, might in many cases afford an inadequate remedy, and " a judgment obtained without notice, and without appearance, is an injury to the rights of a party, for which he should have adequate remedy." Owens v. Ranstead, *supra*.

In the case of Loyd v. Malone, 23 Ill. 41, it was held that an original bill by an infant to impeach and set aside an order of partition and sale of lands, could be maintained. It is true, however, that equity has no jurisdiction to enjoin a judgment at law merely because the process of that court was not served on the defendant, unless it is further shown the judgment is inequitable or unjust. Burch v. West, 134 Ill. 258 (268); Colson v. Leitsch, 110 Ill. 504, (508). But where a *prima facie* case is made showing such inequity or injustice, a temporary injunction against a judgment at law is certainly proper pending further inquiry by the court. And if at law, why not also a decree in chancery? In the case of Davis v. Fresback, 81 Ill. 393, a bill was entertained to set aside a sale under a decree of foreclosure on the ground that no service had been had and the sheriff's return on the summons was false and fraudulent, although afterward upon the evidence relief was not granted.

We regard the doctrine as stated by Mr. High in his work on Injunctions, Sec. 270, as applicable to the case before us. He says: "Upon the question of the extent to which relief by injunction may be granted against proceedings under a decree in chancery the authorities are somewhat conflicting and not wholly reconcilable. Upon principle it is difficult to perceive any satisfactory reason why the jurisdiction should not be extended to restraining the enforcement of decrees in chancery upon the same grounds and for like reasons as those which underlie the

jurisdiction in restraint of the enforcement of judgments at law. A decree being the final and formal embodiment of the judicial action of a court of equity, as a judgment is that of law, no higher degree of inviolability is perceived to attach to the one judicial determination than attaches to the other."

We find no error in the interlocutory order of the Circuit Court complained of, and it is affirmed.