Frank Kosicki and Julia Kosicki, Appellees, v. S. A. Healy Company, Appellant.

Gen. No. 41,431.

Heard in the second division of this court for the first district at the October term, 1940. ▮▮▮▮ Opinion filed December 30, 1941.

ROSEN, FRANCIS & CLEVELAND and HEALY & REID, all of Chicago, for appellant.

JOSEPH F. ELWARD, of Chicago, for appellees; RAYMOND F. McNALLY, JR., of Chicago, of counsel.

MR. JUSTICE FRIEND delivered the opinion of the court.

Plaintiffs brought suit against the S. A. Healy Company to recover damages caused to their property through the negligent use of dynamite employed in the construction of an intercepting tunnel and sewer constructed by defendant under a contract with the Sanitary District of Chicago. Judgment was entered on a finding by the court assessing plaintiffs' damages in the sum of $500 and costs, trial by jury having been waived, and defendant appeals from that judgment.

Briefly summarized, plaintiffs' statement of claim alleged they were the owners of certain real estate in Chicago and had the right to peaceful possession thereof; that May 1, 1937, S. A. Healy Company was constructing a sewer and intercepting tunnel for the Sanitary District of Chicago; that dur-

ing the course of construction and while excavating ground in the neighborhood of plaintiffs' property, defendant used and exploded charges of dynamite in a negligent manner; and that as a result of such negligence plaintiffs' house was damaged to the extent of $500.

In its second amended statement of defense defendant replied that the construction of the public improvement in question was being carried on under a contract with the Sanitary District of Chicago; that all its operations and acts in the construction work were done pursuant to this agreement; that the Sanitary District had full legislative authority to construct the public work; that the statute creating the sanitary district provided a remedy for property owners who claimed damages arising from the construction of a drain, sewer or other improvement by the sanitary district; and that the remedy provided by the legislature, being complete and adequate, is exclusive.

Plaintiffs' motion to strike the second amended defense on the ground that the "matters and things set forth . . . do not constitute a valid defense in law to the Plaintiffs' Statement of Claim" was sustained by the court and, defendant having elected to stand on its second amended defense, an order of default was entered for want of pleadings. The court thereupon proceeded to receive evidence on the question of damages, over defendant's objection, and at the conclusion of the hearing found that plaintiffs' property had been damaged to the extent of $500 and entered judgment for that amount and costs.

Defendant relies on section 19 of the Act of May 29, 1889, creating the Sanitary District of Chicago (Ill. Rev. Stat. 1939, ch. 42, par. 339, sec. 19, p. 1337 [Jones Ill. Stats. Ann. 122.128]), which reads: "Every sanitary district shall be liable for all damages to real estate within or without such district which shall be overflowed or otherwise damaged by reason of the

construction, enlargement or use of any channel, ditch, drain, outlet or other improvement under the provisions of this act; and actions to recover such damages may be brought in the county where such real estate is situated, or in the county where such sanitary district is located, at the option of the party claiming to be injured. And in case judgment is rendered against such district for damage, the plaintiff shall also recover his reasonable attorneys' fees to be taxed as costs of suit: Provided, however, it shall appear on the hearing of plaintiff's motion to tax such attorney's fees, that the plaintiff notified the trustees of such district, in writing, at least 60 days before suit was commenced by leaving a copy of such notice with some one of the trustees of such district, stating that he claims damages to the amount of ........ dollars by reason of (here insert the cause of damage) and intends to sue for the same: And, provided further, that the amount recovered shall be larger than the amount offered by said trustees (if anything) as a compromise for damages sustained. [As amended by act approved May 25, 1907. L. 1907, p. 284.]''

The gravamen of the defense is that the legislature, in creating the sanitary district, granted it certain rights and powers and imposed upon it certain liabilities arising therefrom; that the legislature provided that any property owner claiming to be damaged in the construction of a public improvement by the sanitary district should have a cause of action against it for his damages, constituting a complete and adequate remedy for the property owner; that any other remedies that may have theretofore existed were abolished, and consequently a suit cannot now be maintained against a contractor who constructs a public improvement under contract with the sanitary district pursuant to statutory authority.

Plaintiffs, on the other hand, contend that an independent contractor doing construction work for a mu-

nicipal corporation has a common-law liability to persons whose real estate is damaged by the negligent manner in which the contractor performs his work. Plaintiffs' position is wholly independent of any statute and rests upon the duty of defendant to use due care in the explosion of dynamite near their property. They allege in their statement of claim that defendant "wrongfully, negligently and unjustly caused to be exploded quantities of dynamite and other substances of a dangerous and explosive nature, near the aforesaid property of plaintiffs without using reasonable or ordinary care," and since this allegation is not challenged by the defense, we must assume that the damage resulted from defendant's negligence. The courts of this State have consistently recognized the existence of a liability on the part of the contractor for the sanitary district, with a corresponding common-law right in the owners to recover damages from the contractor on account of his negligence. That right has been frequently invoked during the 50 years or more since the sanitary district was created by statute in 1889 and has heretofore never been directly questioned.

As recently as December 1939, another division of this court, in *Baker v. S. A. Healy Co.,* 302 Ill. App. 634, held that this same defendant, engaged in constructing an intercepting sewer for the sanitary district under a perpetual easement granted by the city of Chicago, rendered itself liable for damages to property owners if it acted negligently, notwithstanding the provisions of any contract it might have had with the sanitary district for performing the work. Defendant there also contended that whatever acts it performed were in strict compliance with its agreement with the sanitary district, but the court nevertheless held it responsible to third persons for its own negligence. Although the issues in the *Baker* case were raised only on pleadings, one of the points urged was

that the contractor would not be liable to a property owner unless negligent and the court, adopting the contention, said that "acting entirely under the plans and specifications furnished by the Sanitary District the defendant is responsible to third persons, only if it was negligent."

The common-law liability of a contractor was also upheld in *FitzSimons & Connell Co. v. Braun & Fitts*, 199 Ill. 390, affirming the decision in 94 Ill. App. 533. The contractor had there used dynamite in excavating a tunnel under contract with the city of Chicago at a place where such use was not necessary or permitted by the contract with the city, and even though the city was dismissed from the case, the contractor was held liable. His liability was predicated on negligence which differed only in degree from that of a contractor who uses dynamite in a negligent manner where it is permissibly used under plans and specifications furnished by a municipality.

In *Macer v. O'Brien*, 356 Ill. 486, decided in 1934, suit was brought to recover damages to real estate caused by the negligence of an independent contractor building a tunnel for the sanitary district under a license from the city of Chicago. The contractor was held to be "plainly liable" along with the city, whose liability was predicated on the negligent manner in which the sanitary district had exercised its license with the city's knowledge and acquiescence. It thus seems to be the settled rule in this State that a contractor with a municipal corporation renders himself liable, under the common law, to landowners whose property is damaged through his negligence in exploding dynamite. This liability, long recognized by our courts, was not created by statute but exists under the common law wholly independent of statute.

It is urged by defendant, however, that since the enactment of the statute creating the sanitary district and by virtue of section 19 thereof, a complete and

adequate remedy is afforded property owners which is exclusive of any right that they have to recover damages to their land through the construction of public improvements, even though the resulting damage is due to the negligence of an independent contractor. In an exhaustive brief discussing cases touching upon the exclusiveness of remedies under statutory enactments, the able counsel for defendant take the position that where a statute creates a complete and adequate remedy, such remedy is exclusive, and they argue that this doctrine applies particularly to statutes creating municipal corporations with powers to construct public improvements. As an indication of the completeness and adequacy of the remedy afforded by section 19 of the statute, our attention is called to the fact that under this section an injured property owner needs only to prove that the work was done and that damage resulted, in order to recover, no proof of negligence being required; that a successful plaintiff may upon serving the requisite notice on the sanitary district recover his attorneys' fees, a practice which is not sanctioned under the common law; and that a property owner who claims damages as the result of a public improvement is entitled to *compensation* as distinguished from common-law *damages,* a distinct concept of the quantity of recovery allowed which takes into account any enhancement of the property by the public improvement, even though some damage may have resulted thereby.

It is conceded that Illinois courts, in harmony with the generally established rule of statutory construction, have chosen to pass on each statute as it is presented, in an endeavor to determine from the language of the statute whether it was the intention of the legislature to provide a cumulative or an exclusive remedy. It is argued that there are usually three elements which the courts consider in arriving at a decision: whether the remedy or procedure detailed

in the statute is new; whether it is complete and adequate; and whether there was any precedent at common law for such remedy or procedure despite its newness; and counsel say that, where it appears that the remedy is new, complete and adequate and in derogation of the common law, courts have held that it is exclusive.

The contentions made are largely based on the assumption that section 19 of the statute created a new liability unknown to the common law and that the new remedy thereby was exclusive of all others. While it is undoubtedly true that the legislative enactment created a new liability on the part of the sanitary district and prescribed a remedy therefor, it is equally clear that there was a pre-existing liability under the common law, long recognized by the courts of this State, against independent contractors with a municipality, whose negligence caused injury to nearby landowners. Consequently there now exist independent liabilities on the part of contractors and the sanitary district with concurrent remedies, one under the common law and the other under the statute; and unless section 19 can be fairly construed as impliedly abrogating the existing liability of the contractor, it would logically follow that the statute in question was intended merely to enlarge the existing common-law remedy, and not to extinguish it.

The rule applicable to the circumstances of this case is well set forth in Lewis' Sutherland Statutory Construction, 2d ed., vol. II, sec. 720, p. 1310: ''Where a statute creates a new right or imposes a new duty or liability, unknown to the common law, and at the same time gives a remedy for its enforcement, the remedy so prescribed is exclusive. If no remedy is prescribed the right or liability may be enforced by the appropriate remedy already provided. Where a new remedy is given by statute, and there are no negative words or other provisions making it exclusive, it will be

deemed to be cumulative only and not to take away prior remedies." (Citing *Mackin v. Haven*, 88 Ill. App. 434, aff'd 187 Ill. 480; *Harper v. Mangel*, 98 Ill. App. 526.)

Illinois courts have on various occasions, although under different circumstances, held that where there are no negative words or other provisions making the new remedy exclusive, it will be deemed to be cumulative only and not intended to take away prior remedies. In *Mackin v. Haven*, 187 Ill. 480, the heir of a deceased person was sued to recover rent due upon a party-wall agreement made by the deceased and the plaintiffs' predecessor in title. On appeal it was urged by defendant that the claim for rent had not been presented within the time prescribed by the Administration Act and therefore was not tenable. After pointing out that an heir takes real estate by descent subject to claims against the ancestor, the court said: "A careful examination of the statutory provisions . . . will show, that there is nothing in them inconsistent with the continued existence of the common law remedy. They were intended merely to enlarge that remedy, and not to extinguish it. The statute does not expressly repeal the common law remedy, nor use such language as is inconsistent with its further existence." The court quoted from the opinion in *Chicago & N. W. Ry. Co. v. City of Chicago*, 148 Ill. 141, which was a condemnation suit for the purpose of public improvements brought under the Cities and Villages Act. Under that act the parties were not required to make an effort to agree on a price before filing a suit, as they are under section 2 of the Eminent Domain Act. Both statutes had been passed on the same day. The appeal was prosecuted on the theory that no attempt at agreement on price had been made and that the Eminent Domain Act should be construed with the cities and villages statute as one enactment. The court held: " 'Where a statute gives a new rem-

edy . . . and contains no negative, express or implied, of the old remedy, the new one provided by it is cumulative, and the party may elect between the two.' " (Citing Sutherland on Stat. Cons., sec. 399.)

In *Elkin v. Diversey Trust & Savings Bank*, 363 Ill. 160, a bank creditor had filed a bill to determine the stockholders' constitutional liability. Defendants demurred on the ground that section 11 of the Banking Act as amended in 1929, which provides in part that a creditor's bill might be brought for the same purpose under certain conditions, was controlling and that, the conditions prescribed in the statute not having been met, the bill was improperly filed. With respect to this contention the Supreme Court held: "It is well settled that where a statute gives a new remedy and contains no negative, express or implied, of the remedy which existed theretofore, the new remedy thus created is cumulative and not exclusive and that a party may elect between the two." The same rule is set forth in 1 Corpus Juris Secundum 976, sec. 6c, as follows: "Where a statute prescribing a remedy does not create a new right or liability, but merely provides a new remedy for an independent right or liability already existing, the general rule is that the remedy thus given is not regarded as exclusive but as merely cumulative of other existing remedies, and does not take away a preexisting remedy, or, as more specifically stated, if a statute gives a new remedy in the affirmative, and contains no negative, express or implied, of the old remedy, the new remedy is merely cumulative; and, in such a case, the party having the right may resort to either the preexisting or the new remedy, except that he cannot resort to inconsistent remedies; . . ." Further support for the proposition is found in 44 Corpus Juris 471, sec. 2784, as follows: "However, unless the statutory remedy is expressly made exclusive, it is not a bar to a common-law action by one whose property has been wrongfully

appropriated for public use without compensation. Where damages are secured by the constitution, the provision is self-executing, and an action at law may be maintained, where no mode of recovery is prescribed, and if damages result from an improvement unlawfully or negligently made, the remedy is by action of tort, not under the statute, and the property owner is not confined to the statutory remedy where the city has not proceeded in accordance with the statute or with the ordinance authorizing the improvement. . . ."

There is no express repeal of the existing common-law liability of a contractor in section 19 of the statute; nor does the statute contain any implied negative of the old remedy upon which plaintiffs' suit is predicated. The defendant was liable at common-law independent of the statute and it was evidently not the intention of the legislature to abolish this liability, but to create a remedy as against a third party. Accordingly we are of opinion that plaintiffs had the right to proceed against the S. A. Healy Company for damages resulting from its negligence to their property and the judgment of the municipal court is affirmed.

*Judgment affirmed.*

SCANLAN, P. J., and SULLIVAN, J., concur.