In the Matter of the Application of the CITY OF NEW YORK, Relative to Acquiring Title to Property Necessary for Improvement of the Water Front between Simonson Avenue, Clifton and Arietta Streets, Tompkinsville, in the Borough of Richmond.

FRANK C. MEBANE, as Receiver of SYMES FOUNDATION, INC., et al., Appellants; THE STATEN ISLAND RAILWAY COMPANY et al., Respondents.

**Eminent domain — condemnation proceedings — New York (city of) — proceeding by New York city to acquire certain premises for the improvement of a Staten Island waterfront — claim of prior title to all of lands in question, consisting of twenty-two parcels, under grant from Queen Anne — severance of issues and validity of claim under the Queen Anne grant first tried and decided — judgment and decree therein a final decree for purposes of appeal — erroneous dismissal of such appeal by Appellate Division.**

In a proceeding instituted by the city of New York to acquire for the improvement of a waterfront certain premises being filled-in lands and lands under water with the buildings and other structures thereon, such property consisted of twenty-two parcels, all being

below the line of original high-water mark surrounding Staten Island. One of the parties to the proceeding claims title to all of the property in the condemnation area under a grant made by Queen Anne to one Symes in 1708. If this claim were sustained it was conceded that all of the claimants, other than those claiming under the Symes grant, might or might not be entitled to any damages; that their titles were defective. The court, by agreement of the parties, severed the proceeding as to the Symes grant and took up the determination of that question and thereafter, after consideration, dismissed the claim under that grant and a judgment and decree was made and entered excluding the Symes patent as not purporting to convey any lands below high-water mark on Staten Island as of October 17, 1708, and excluding as irrelevant and immaterial all the evidence and exhibits offered by the claimant. On appeal, the Appellate Division dismissed the appeal, holding that the judgment entered was not a final judgment and that the disposal of the Symes claim could only be passed upon in the final judgment and order entered at the end of the entire proceeding. This was error. There is nothing in the charter of the city of New York which prevents the reasonable procedure adopted at the trial when necessity and convenience require it. The severance of issues and proceedings is not unknown to the law. The procedure adopted by the court and by the claimant in appealing from its judgment as a final judgment is similar to that pursued in this court in partition actions. (*Brown* v. *Feek*, 204 N. Y. 238, followed.)

*Matter of City of New York (Staten Island Proceeding)*, 205 App. Div. 845, reversed.

(Argued November 27, 1923; decided December 27, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 5, 1923, which dismissed an appeal from an order of Special Term, dismissing the claim of the appellants herein in condemnation proceedings.

*Benjamin Catchings, Merle I. St. John* and *Frank C. Mebane* for appellants. The justice at Special Term had authority in this condemnation proceeding to segregate the Symes claim and make a final order or decree dismissing it from the special proceeding prior to the final decree determining the compensation to be paid by the city and to whom payable. (*Brown* v. *Feek*, 204 N. Y. 238.) The order of the Appellate Division dismissing the

appeal should be reversed and the cause remitted to the Appellate Division to pass upon the merits of the appeal. (*Matter of City of New York*, 216 N. Y. 489.)

*A. S. Gilbert, A. B. Boardman, Royal E. T. Riggs, E. J. Freedman, Valentine Taylor* and *Francis P. O'Connor* for respondents. The order of the Appellate Division was in effect an affirmance of the decree dismissing appellants' claim. (*Matter of City of New York*, 216 N. Y. 489.)

*Carl Sherman, Attorney-General* (*Anson Getman* of counsel), for the People of the State of New York.

CRANE, J. This proceeding was instituted by the city of New York in July of 1919, for the acquisition of certain premises between Arrietta street, in Tompkinsville, and Simonston avenue, Clifton, Staten Island, in the borough of Richmond, for the improvement of the water front of the city under and pursuant to the provisions of section 822 of the Greater New York charter. The premises sought to be acquired consist of 22 parcels with subdivisions thereof. All of the property embraced in the condemnation area consists of filled-in lands and lands under water, docks, wharves, piers, lumber yards, saw mills, bulkheads and other structures, and all of the property is below the line of original high-water mark surrounding Staten Island.

Claims were filed and served by numerous parties interested, either as owners or else in various parcels comprising the entire premises sought to be condemned.

Under the authority conferred by section 822 of the charter the sinking fund commission by resolution adopted on September 25th, 1919, directed that the title to the property should vest in the city of New York on the 11th day of October, 1919, and the title accordingly vested on that day in so far as the city was able to acquire the same as against the state.

The claims of the various owners and lessees were

filed according to notice given by the corporation counsel, and came on for hearing and trial before a Special Term of the Supreme Court.

The claimants sought compensation in damages according to their respective rights and ownership. It was necessary to prove before the court title in the claimants as well as the damages sustained by them. There were 21 appearances by different law firms.

The Symes Foundation, Inc., and American Title and Trust Company claim title to all of the property in the condemnation area under a grant made by Queen Anne to Lancaster Symes in 1708. Three of the claimants are alleged to derive title under the Symes grant. If the Symes claim were sustained it was conceded that the rest of the claimants, other than the three claiming under the Symes grant, either would not be or might not be entitled to any damages; that their titles were imperfect.

It was, therefore, suggested by counsel for the respective claimants that the validity or extent of the Symes grant and claim be first tried out before the court.

About 40 pages of the printed record on appeal is taken up by a discussion between counsel and the court as to the propriety of this procedure under the charter. It would be useless to quote from this discussion.

Among other things it was stated and conceded that " if the Symes claim prevails, the city's claim to these streets or the lands under water within the projected line of the streets fails."

The corporation counsel said: " We did not make any map showing the Symes claim, for the reason that the Symes people claim everything in sight —"

To which the court replied: " Well, that is the first one to pass upon, is it? "

Mr. Mayo: (representing the city) " I should think so, in orderly procedure, because if that succeeds, everything else is unnecessary to be decided."

The Court: " Suppose the Symes grant is held to be a valid grant, is it necessary for you to go on and prove all these titles? "

Mr. Gilbert: " It probably would not."

Mr. Catchings (representing the Symes title) said: " The question of descent of title from Symes is a matter which I hope will be severable from the main question as to whether or not the patent covers the lands, because that is a very simple question, and if that can be severed from the rest of the matter, we could get an appeal on it and get it settled and out of the way very quickly."

Mr. Mayo: " My idea is that the Symes claim should be taken up first. "

This was the procedure pursued. The court severed the proceeding as to the Symes grant and took up the determination of that question upon which it thereafter took briefs of counsel.

Nothing else was to be taken up except the disposition of the Symes grant. After the court had determined this question it directed counsel to submit an order dismissing the Symes claim and striking out all the exhibits and evidence introduced by the claimant.

Thereupon on December 16th, 1921, a judgment and decree was signed by the trial justice and entered, excluding the Symes patent as not purporting to convey any lands below high-water mark on Staten Island as of October 17th, 1708, and excluding as irrelevant and immaterial all the evidence and exhibits offered by the claimant.

The convenience and necessity of this procedure is apparent in view of what has been above stated. If the Symes claim were good there was no necessity for much, if not all, of the evidence which would be offered by eighteen of the other claimants whose titles were adverse to those under the Symes patent.

We think that there is nothing in the charter of the city of New York which prevents this reasonable pro-

cedure when necessity and convenience require it. The severance of issues in a cause or proceeding is not unknown to the law. (Sec. 96 C. P. A.; see sec. 822A of Charter of Greater N. Y.)

On appeal to the Appellate Division the court dismissed the appeal holding that the judgment entered was not a final judgment, and that the disposal of the Symes claim could only be passed upon in the final judgment and order entered at the end of the entire proceeding. The disastrous result of such a rule is at once apparent. It was stated by counsel that weeks would be taken up in the introduction of the evidence by the other parties to prove their claims. If, therefore, on appeal, it were determined that the Special Term was in error in excluding the Symes people, then all this evidence would have to be taken over again. Being out of the case at the very beginning by a judgment of the court they would have been deprived of their right to cross-examine the claimants and other witnesses. The procedure adopted by the court in this case and by the claimant in appealing from its judgment as a final judgment is similar to that pursued in this court in partition actions. (*Brown* v. *Feek*, 204 N. Y. 238.)

The Appellate Division, therefore, was in error in dismissing this appeal, and the matter must be sent back to it for review upon the merits. (*Matter of City of New York* [*Court House*], 216 N. Y. 489.)

The order of the Appellate Division should, therefore, be reversed, and the matter remitted to that court for review upon the merits, with costs to appellants.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ., concur.

Order reversed, etc.