KINGDON GOULD and Another, as Executors of the Last Will and Testament of GEORGE J. GOULD, Deceased, etc., and Others, Plaintiffs, *v.* KINGDON GOULD and Another, as Executors of the Last Will and Testament of GEORGE J. GOULD, Deceased, etc., and Others, Defendants.

Supreme Court, New York Special Term, December 23, 1924.

Executors and administrators — administration action — motion for severance of issues and for order directing referee to render separate report as to said issues — severance of issues will facilitate entire proceedings — separate trial will neither prejudice rights of other parties in main action nor bring about conflict of proof — trial of main issues not delayed — motion granted.

Defendants' application for the severance of the issues in an administration action and for an order directing the referee to render a separate report as to the said issues, should be granted, in the discretion of the court, where a separate trial will neither prejudice the rights of other parties in the main action nor bring about a repetition or conflict of proof, and the issues embraced in the motion for severance are in no way connected with and cannot affect the final determination of the main proceeding, and the severance will facilitate the entire proceedings and assist the referee in coming to a speedier conclusion on all the issues involved. But none of the parties should be excluded nor should the trial of the main issues be delayed.

MOTION for severance of issues in an administration action and for an order directing the referee to render a separate report as to said issues.

*Taylor, Knowles & Hack* and *DeForest Bros.*, for the plaintiffs.

*Cravath, Henderson & De Gersdorff,* for the defendants Marjorie G. Drexel and Lady Decies.

*Alton B. Parker,* for Edwin Gould.

*Pierce & Greer,* for the defendant Frank M. Gould.

*Griffiths & Content,* for the defendant Jay Gould.

*Coudert Bros.,* for the defendant Duchesse de Talleyrand.

*Chadbourne, Stanchfield & Levy,* for the defendant George J. Gould, Jr.

*O'Brien, Boardman, Parker & Fox,* for Helen G. Shepard.

*Thomas S. Fuller,* for the defendant Helen Gould de Montenach.

*Sullivan & Cromwell,* for the defendants Marie Louis de Castellane and Georges Gustave de Castellane.

*Leonard & Walker* [*Samuel Seabury* of counsel], for Frank J. Gould.

*Murray, Aldrich & Roberts,* for the defendant Equitable Trust Company of New York.

*White & Case,* for the defendant Bankers' Trust Company.

*Stewart & Shearer,* for William A. W. Stewart, as guardian *ad litem,* etc.

*Rounds, Schurman & Dwight,* for Walter F. Carter, as guardian *ad litem,* etc.

*Henry H. Pierce,* for William Nelson Cromwell, as guardian *ad litem,* etc.

*George L. Shearer,* for the defendant United States Trust Company of New York.

*Bernard Naumburg,* for Malcolm Sumner, as guardian *ad litem,* etc.

*David L. Weil,* for Thomas F. Keogh, as guardian *ad litem,* etc.

*Geller, Rolston & Blanc,* for the defendant Farmers' Loan and Trust Company.

*Gillespie & O'Connor,* for Kingdon Gould and Schuyler Neilson Rice.

*Robert L. Luce,* for John J. O'Connor, as guardian *ad litem,* etc.

*Stotesbury & Miner,* for the defendants Commercial Trust Company of New Jersey and Schuyler Neilson Rice.

*Walter F. Carter,* guardian *ad litem,* etc.

*William Nelson Cromwell,* guardian *ad litem,* etc.

*Malcolm Sumner,* guardian *ad litem,* etc.

*Thomas F. Keogh,* guardian *ad litem,* etc.

*John J. O'Connor,* guardian *ad litem,* etc.

*Stetson, Jennings, Russell & Davis,* appearing specially.

LEVY, J.:

This is an application by certain defendants named in the administration action in respect to the so-called Gould estate, which action is before the Hon. James A. O'Gorman, to whom it was referred by this court, for an order directing the following relief: (1) That the referee conduct all proceedings requisite or proper for the judicial settlement of the accounts of the proceedings of Edwin Gould, Helen G. Shepard and the Equitable Trust Company of New York, as trustees in respect to the one-sixth share of the residuary estate of Jay Gould, deceased (hereinafter

16

called the George J. Gould share) held by said trustees on and after May 26, 1922, under the will of said Jay Gould, for the benefit of George J. Gould, also deceased, and remaindermen; (2) that a separate trial be authorized of all the issues of fact and law which may relate to such accounts of said trustees of the George J. Gould share; (3) that the referee be authorized to render a separate report as a result of the trial of such separate issues to the end that, predicated thereon, a judgment may be entered as to so much of the cause of action as relates to said issues; (4) that for this purpose the action be severed and that certain parties litigating be excluded from such separate trial and from the action so far as relates to said issues; (5) that this action as to all issues other than those which may relate to such accounts of said trustees of the George J. Gould share be continued.

The evident purpose of this motion, as outlined by the moving parties, is to bring about a speedy determination of issues relating to the account of George J. Gould which it is asserted are separate and distinct from all the others involved in the main action and which can be decided appropriately long in advance of the latter. These issues are: (a) Was George J. Gould's second marriage with the consent of the majority of the then trustees? (b) Are the children of the second marriage entitled to participate in the George J. Gould share?

Jay Gould, the father of George J. Gould, died in 1892. By his will he divided his residuary estate into six separate trusts, the income from each of these to be enjoyed by his children respectively. It was provided that upon the death of any of these life beneficiaries the share so set apart was to be transferred to the issue of such child in such proportions as he or she appoint in and by his or her last will and testament, and in the event of the failure to exercise such power of appointment, then to such issue absolutely in the proportions provided in and by the statutes of this State in cases of intestacy. It was further provided in the will of Jay Gould that if any of his children should marry without his consent during his lifetime or thereafter without the consent of a majority of the then executors and trustees, then the share allotted to the child so marrying shall be reduced one-half, etc.

The late George J. Gould was first married during the lifetime of his father and with his consent to Edith Kingdon who died about November 13, 1921. Of this marriage he had seven children. In May, 1922, he married Guinevere Sinclair, by whom he had had three children previous to her becoming his wife. He died in May, 1923, leaving a will in which he exercised the power of appointment conferred upon him by the will of his father for the

distribution of the share of the estate to which he became entitled under the former's said will and directed that that share of the estate held in trust for his benefit should be equally distributed among his seven children or issue of his first marriage. George J. Gould having died, the principal of this trust, if during his lifetime he met the conditions imposed by the will creating the same, became absolute in his remaindermen and the questions consequently occurring are those referred to previously. Actual distribution to those of them entitled to join is delayed if not prevented by the action in chief involving numerous claims and charges which seemingly do not affect the estate of George J. Gould. It will thus be observed that of the six trusts created under the will of the late Jay Gould, so far as the grandchildren are concerned the only one that may have become fixed and established is that of the late George J. Gould, his share as the result of his appointment and the happening of the contingency mentioned above becoming absolutely vested in his children. The issue, therefore, to be determined in regard to this relates solely to the questions of whether or not George J. Gould secured the consent of the trustees to his second marriage and whether or not his children born to his second wife before his marriage to her are entitled to share in this estate. The objections levelled by the opposing parties against the granting of the relief here sought are not based upon the claim of the lack of power of the court in the premises but rather upon the impropriety of the application, their position being: (1) That the corpus of the trust so far as relates to this share is corollated and inextricably connected with the main situation; (2) that the determination of these issues by the referee will impede the trial of the other and perhaps more important issues and thereby substantially and prejudicially affect their interests.

After a careful consideration of the record before me and the exhaustive briefs submitted by learned counsel, I am forced to conclude that the position of the opposing parties is not well taken. That the court possesses the requisite power to adequately deal with this matter is not and cannot be questioned. (Civ. Prac. Act, §§ 96, 212, 443, 476.) The issues controlling the George J. Gould share can be readily and speedily determined. To deny this to those defendants would be to sanction an unnecessary hardship and impediment. No convincing reason is assigned why these parties should not have an immediate and unimpeded trial of their rights to the property and a distribution accordingly. These issues are in no way connected with and can in no wise affect the final determination of the main action. None of the parties sought to be excluded can be said to have any direct interest

or title in or to the assets so held, and yet I hesitate to look with favor on this feature of the motion.  Furthermore, the other parties litigant apparently, except in certain events, can have no concern in any question of law likely to arise in the proposed severed action, if allowed.  The issues are wholly distinct, the accounts are separate and there can be no conflict or repetition of proof in regard to these matters.  The rights of the children of George J. Gould, they being his remaindermen, unless they are not entitled to take, can bear no relation to the rights of the other contending parties, nor will a separate trial prejudice any rights of such other parties. As matter of fact, I believe it will facilitate the entire proceedings and assist the learned referee in coming to a more speedy conclusion on all the issues involved.  The determination of the validity of the second marriage of George J. Gould and of the rights of his three children born of said second marriage to share in this estate can be disposed of in little time and will leave the referee free to determine the other questions.  It seems to me the court should. find no hesitancy in severing issues or in granting separate trials when by doing so it expedites the findings embraced in the controversy.  (*Matter of City of New York*, 237 N. Y. 275; *Brown v. Feek*, 204 id. 238.)  However, none of the parties will be excluded as it cannot be determined now just what his or her status is or may prove to be in regard to the litigation proper.

For the foregoing reasons I have decided to grant the motion to the extent indicated, that is, for a severance of the issues but not to the delay of the main issues, the trial of which is to continue.  Submit order in conformity with these views upon three days' notice.