In the Matter of the Application of the CITY OF NEW YORK, Appellant and Respondent, Relative to Acquiring Title to Real Property on Upper New York Bay in the Borough of Richmond.

STATEN ISLAND RAILWAY COMPANY et al., Respondents and Appellants.

*Appeal — condemnation proceedings — no appeal to Court of Appeals from order of Appellate Division modifying interlocutory order deciding questions of title, except on certified questions.*

Where no final judgment has been entered, the Court of Appeals has no jurisdiction to hear an appeal from an order of the Appellate Division modifying an order of Special Term deciding questions of title in condemnation proceedings, except on certified questions, but the order may be brought up for review on appeal from the final judgment. (*Matter of City of New York* [*Staten Island Proceeding*], 237 N. Y. 275, distinguished.)

*Matter of City of New York* (*Upper New York Bay*), 215 App. Div. 438, appeal dismissed.

(Argued May 24, 1926; decided May 25, 1926.)

CROSS-APPEALS from an order of the Appellate Division of the Supreme Court in the second judicial department, entered February 25, 1926, which modified and affirmed as modified an order of Special Term dismissing, in condemnation proceedings, a claim of the city of New York of title to certain lands under water.

*George P. Nicholson*, Corporation Counsel (*Henry W. Mayo* of counsel), for City of New York, appellant and respondent.

*A. S. Gilbert* and *R. E. T. Riggs* for Staten Island Railway Company et al., respondents and appellants.

*Per Curiam.* This is a condemnation proceeding instituted by the city of New York to acquire lands for harbor purposes. As to land under water within certain street lines projected, the city and the railroads both claim to own the fee. These lands are only a portion of the damage parcels. Issues of title as to conflicting claims were tried before the Special Term. At the conclusion

of the trial on the question of title it was held that the property in controversy was owned in fee by the railroad companies and that the city of New York had no right, title or interest therein. The court then proceeded to the trial of questions of value. No final judgment was then entered but an order was entered on the question of title only. On appeal therefrom, the Appellate Division modified the order and held that the city had certain easements and right of use for street purposes. From this order both parties have appealed to this court, as of right, claiming that the order is a final order.

The situation is entirely different from the Symes Foundation appeal which involved the title to all the lands herein condemned. (*Matter of City of N. Y.* [*Staten Island Proceeding*], 237 N. Y. 275.) The Symes Foundation claimed to be the owner of the lands. The Special Term dismissed this claim. It was held that this issue of title might be severed and the Symes claim disposed of separately. As to the claim of the Symes Foundation the order was held to be final because it terminated all right of the Symes Foundation and dismissed it from the proceeding. Here the city is the petitioner. It remains in the proceeding to the end to have the value of as well as the title to the property taken by it determined. The order is plainly an intermediate order and can be nothing else.

It is of no consequence in this connection whether the city has title in fee to, a right of way over, or no interest in the lands in controversy. It is not let out of the proceeding. The final judgment will dispose of all questions of title and value. The court has no jurisdiction to hear this appeal except on certified questions from the Appellate Division, but the order may be brought up for review on appeal from the final judgment.

The appeals should be dismissed, without costs.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and LEHMAN, JJ., concur; ANDREWS, J., absent.

Appeals dismissed.