634

Victor Baker et al., Appellants, v. S. A. Healy Company et al., Appellees.

Gen. No. 40,949.

Opinion filed December 13, 1939.

EARL J. WALKER, of Chicago, for appellants; WALTER F. DODD, of Chicago, of counsel.

ROSEN, FRANCIS & CLEVELAND and LITSINGER, HEALY, REID & BYE, all of Chicago, for appellee S. A. Healy Co.; DANIEL M. HEALY, RALPH ROSEN and JAMES B. O'SHAUGHNESSY, of Chicago, of counsel.

ERNST BUEHLER, LOUIS I. FISHER and RICHARD R. MLADIC, all of Chicago, for appellee Sanitary District of Chicago.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by the plaintiffs from the order entered by the court dismissing the complaint upon defendants' motions, and entering judgment to that effect.

This is an action by 62 plaintiffs, each of whom claims personal injury, also of property damage to 40

different pieces of property. The street numbers of the property, scheduled in the complaint, indicate that the plaintiffs lived within two blocks of each other and that no piece of the property is more than 600 feet from another. The S. A. Healy Co., the Sanitary District of Chicago, and the city of Chicago were made defendants. The plaintiffs allege that they suffered personal injury and property damage as a result of numerous explosions and the subsidence of soil involved in the construction of an intercepting sewer. By municipal ordinance the city of Chicago granted the Sanitary District of Chicago a perpetual easement to construct, maintain and operate the sewer under, upon and through the streets and public ways of the city of Chicago. By contract between the Sanitary District and the Healy Co., that company constructed the sewer, and all plaintiffs claim to have been damaged in the performance of this contract. The relationship between the three parties defendant and the respective liabilities of each of the three are fully set out in the complaint.

As we have indicated, the trial court sustained motions by each of the defendants to dismiss the complaint, and the plaintiffs stood upon their complaint, and their appeal is now pending in this court.

Two motions to dismiss were presented by the S. A. Healy Co., each of which asked the court to dismiss as to it, or, in the alternative, that the several causes of action be severed. A similar motion was made by the Sanitary District of Chicago, which also asserts that the complaint "fails to charge this defendant with any of the acts complained of" and that the complaint "fails to allege a cause of action against this defendant." The motions by the Healy Co. and the Sanitary District of Chicago are similar. Each alleged a misjoinder of parties and of causes of action. Each presented a statement that trial by jury would be difficult if all claims were tried together. Each alleged that the

complaint was too indefinite in that it specified general periods of construction work, and did not specify the time of excavating, digging, and blasting. The motion of the Sanitary District alleged that the complaint failed ''to set forth what specific charges of explosives, if any, did produce violent vibrations.'' The first motion to dismiss filed by the Healy Co., asserts a violation of section 33 of the Civil Practice Act [Ill. Rev. Stat. 1939, ch. 110, § 157; Jones Ill. Stats. Ann. 104.033], and asks for a severance of the allegations that it was negligent from the allegations that it was liable irrespective of negligence, these allegations already being in separate counts.

The motion to dismiss by the defendant city of Chicago states that Count IV of the complaint would not sustain a cause of action against the city of Chicago, and further says that the plaintiff seeks judgment against the city of Chicago for alleged personal injuries and that notice of injury had not been served upon the city of Chicago as required by statute. As against the city of Chicago the complaint alleged only damage to property.

The plaintiffs contend that the complaint in this case properly joins all plaintiffs, and states a proper cause of action against each of the defendants. The order of dismissal does not designate the specific grounds therefor, and must therefore be regarded as presenting to this court all issues raised in the motions to dismiss, and all such issues should be settled in order to avoid further error in the trial court. The issues relate (1) to the form of the complaint, including the joinder of plaintiffs, and (2) to the liability of defendants.

With reference to the form of the complaint and the joinder of plaintiffs, it is plaintiffs' theory that:

(a) The complaint states, on behalf of the plaintiffs, an action ''arising out of the same transaction or series of transactions,'' and common questions of both law and fact present themselves—the complaint

in this respect more than meeting the requirements of section 23 of the Civil Practice Act. There was no misjoinder of plaintiffs, but, if there were, this is not a ground for dismissal. (Civil Practice Act, section 26);

(b) Different breaches of duty are here involved, "growing out of the same transaction or based on the same set of facts," and such breaches are properly set out in the same count, under specific authority of Supreme Court Rule 12;

(c) The complaint is sufficiently definite to inform defendants of the nature of the claim which they are "called upon to meet" (Civil Practice Act, section 42) and sufficiently states a cause of action against each defendant. Detailed facts, solely within the knowledge of the defendants cannot be, and are not required to be alleged; and if the pleadings were in fact insufficient this error should have been corrected, not by motion to dismiss, but by demanding a bill of particulars under section 37, or by motions, under section 42 or 45 of the Civil Practice Act, that other pleadings be prepared or that the pleading be made more definite; moreover, if the allegations of the complaint were inaccurate in that they were not in accord with the evidence, they may, before or after judgment, be amended "to conform the pleadings to the proofs" (Civil Practice Act, section 46).

(d) The right to join plaintiffs in one action is not narrowed by the fact that certain different issues of fact may present themselves as to the several plaintiffs. The right to join is a statutory right; where cases are properly joined in a complaint, the trial court is given a discretion to "order separate trials or make such order as may be expedient" (Civil Practice Act, section 23); it "may, in its discretion, order separate trials" (Civil Practice Act, section 44) and it may give separate judgments "for or against one or more of several plaintiffs and for or against one or more of several defendants" (Civil Practice Act, sec-

tion 50). And "an action may be severed . . . as an aid to convenience, whenever it can be done without prejudice to a substantial right." (Civil Practice Act, section 51).

(e) There is no question as to the propriety of joining the three defendants; nor as to the propriety of joining in the same complaint claims against the defendant Healy Co., based the one upon negligence and the others upon liability without negligence. The two types of liability may properly be pleaded in the complaint, either independently or in the alternative (Civil Practice Act, section 43); the two are here pleaded in separate counts, as recognized by defendant Healy Co., but joining the two in a single count would have been proper under Supreme Court Rule 12.

The plaintiffs contend that a cause of action is stated against each of the defendants, for the following reasons:

(1) The Healy Co., as a contractor with the Sanitary District of Chicago is liable to a direct suit for damages by plaintiffs: (a) by virtue of the terms of the contract between the Healy Co. and the Sanitary District of Chicago, under which the Healy Co. assumed such liability, irrespective of any negligence upon its part; (b) the Healy Co. is also liable for damages caused by negligence upon its part, and specific allegation of such negligence is made in the complaint; (c) under the established law of Illinois, the Healy Co. is also liable for injury resulting from the use of explosives, irrespective of the degree of care exercised in the use of such explosives.

(2) The Sanitary District of Chicago is liable to plaintiffs, without regard to any negligence upon its part, (a) by virtue of Article II, section 13 of the constitution of Illinois under which "private property shall not be taken or damaged for public use without just compensation"; and (b) by virtue of section 19 of the act under which the Sanitary District of Chi-

cago is organized (Ill. Rev. Stat. 1937, ch. 42, par. 339, sec. 19 [Jones Ill. Stats. Ann. 122.128]), such section making the district liable "for all damages to real estate . . . by reason of the construction, enlargement or use of any channel, ditch, drain, outlet or other improvement under the provisions of this act . . ." Moreover, it is liable for negligence on its part or on the part of its contractor.

(3) Under the established law of this State, the city of Chicago is liable to plaintiffs, without regard to any negligence on its part, because it permitted intrinsically dangerous work to be done on a street, and with notice thereof, failed to take proper steps to prevent it. Knowledge by the city of Chicago is alleged in the complaint, and is admitted by the motion to dismiss. The complaint seeks damages from the city of Chicago only for injury to property, and the motion to dismiss, by the city of Chicago, on the ground that personal injuries were involved and that service was not made upon the city within proper time, is erroneous and irrelevant.

The contention and theory of the defendant S. A. Healy Company is that this defendant is a contractor who performed its part of a contract with the Sanitary District. Whatever acts it performed were in strict accordance with the terms of its contract. Plaintiff does not allege any breach of the terms nor is it urged the contractor acted beyond the scope of its contract in such a way as to affect the several plaintiffs.

Acting entirely under the plans and specifications furnished by the Sanitary District the defendant is responsible to third persons, only if it was negligent. It is not responsible to third persons under the contract because the provisions therein, presented and relied on by plaintiffs, were not made for their benefit, and therefore plaintiffs cannot sue on the contract.

This defendant is not responsible for any alleged damage resulting from the use of dynamite, because

such use was required by the contract. It is not charged that more dynamite was used than was necessary nor that it was used carelessly. The use of dynamite required in a contract with a public body for a public improvement does not make the contractor liable for any alleged damage or injury unless he was negligent.

The sole cause of action upon which recovery against the defendant S. A. Healy can be predicated is negligence. The plaintiffs herein were located along the route of the construction work for a space of two blocks. To sustain their right to join in one suit to recover against the contractor for negligence the plaintiffs must establish that all were damaged by one transaction or a series of transactions and that there are common questions of law or fact. The complaint does not contain allegations showing plaintiffs' right to join all of their respective causes of action in the one suit against this defendant.

The Sanitary District of Chicago contends that the plaintiffs were improperly joined because the relief sought by them did not arise out of the same transaction or series of transactions as required by section 23 of the Civil Practice Act and because a common question of law or fact is not presented as to all of the plaintiffs as required by said section. And this defendant further contends that both of the conditions above must exist before there can be a proper joinder; that if it is found that the relief sought by the plaintiffs does arise out of the same transaction or series of transactions, there is nevertheless no common question of law or fact presented so there is a misjoinder of plaintiffs; and that if it is found that a common question of law or fact is presented, the relief sought does not arise out of the same transaction or series of transactions so there is a misjoinder of plaintiffs.

This defendant further contends that there is a misjoinder of causes of action in the complaint as a whole and in the various counts thereof; that this constitutes

multifariousness and requires the dismissal of the complaint; that this objection was properly raised by its motion; and that the question of the desirability of severing certain issues for trial is not presented where there is a misjoinder of plaintiffs or causes of action.

And lastly, the defendant contends that the complaint does not allege a cause of action against the Sanitary District of Chicago.

The other defendant, the city of Chicago, did not file a brief in this appeal, so we are deprived of the theory of the city of Chicago upon the questions involved in the complaint filed by the plaintiffs.

Plaintiffs' action is based on par. 147, sec. 23, ch. 110, Civil Practice Act (Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 104.023]), which provides:

"(Joinder of plaintiffs.) Subject to rules, all persons may join in one action as plaintiffs, in whom any right to relief in respect of or arising out of the same transaction or series of transactions is alleged to exist, whether jointly, severally or in the alternative, where if such persons had brought separate actions any common question of law or fact would arise: Provided, that if upon the application of any party it shall appear that such joinder may embarrass or delay the trial of the action, the court may order separate trials or make such order as may be expedient, and judgment may be given for such one or more of the plaintiffs as may be found to be entitled to relief, for the relief to which he or they may be entitled.

"If any one who is a necessary plaintiff declines to join, he may be made a defendant, the reason therefor being stated in the complaint" and section 24 of the same act:

"(Joinder of defendants.) (1) Any person may be made a defendant who, either jointly, severally or in the alternative, is alleged to have or claim an interest in the controversy, or in any part thereof, or in the transaction or series of transactions out of which the

same arose, or whom it is necessary to make a party for the complete determination or settlement of any question involved therein, or against whom a liability is asserted either jointly, severally or in the alternative arising out of the same transaction or series of transactions, regardless of the number of causes of action joined.''

It is to be noted that the statute provides joinder of plaintiffs where there is the same transaction or series of transactions and ''common questions of law or fact.'' The plaintiffs' contention in this case is that there is not only the same transaction but also common questions of both law and of fact. All claims arise out of the same contract and out of the construction of the same intercepting sewer. Within this single transaction, the case involves a subordinate series of transactions—excavation, digging and blasting—affecting the property and health of plaintiffs in a two-block area near a portion of the work of sewer construction. However, the defendants, S. A. Healy Company and the Sanitary District of Chicago, base their motions to dismiss on the assumption that each of the plaintiffs must set forth and establish the specific charges of explosives and the specific excavation which caused the injury to such plaintiff.

Of course common questions of fact present themselves as to the whole contract, for methods of construction are common to the whole project, subject to variations where differences in soil conditions may be found, and no contractor would enter into or undertake the execution of such a contract without full knowledge of the soil conditions to be encountered along the route of the work. The extent to which and the manner in which dynamite was used throughout the work of construction constitute an essential part of the plaintiffs' case, and it is well said by the plaintiff that the contract was executed under a common plan, with the employment of the same methods in the

construction of the sewer, except for variations required because of differences in soil or other conditions.

While the claims of the plaintiffs arise out of the same transaction of sewer construction, their right of recovery on trial depends upon a subordinate series of transactions within a limited area which resulted in injury to them, and it of course follows that the question of fact presents itself as to the manner in which the work was done in that area, for explosions and other acts are not limited in their effect to single properties. Proof of soil conditions in that area also involves a common question of fact, for soil strata do not affect merely one piece of property. If at the trial it becomes necessary to show negligence on the part of defendant Healy Co., this will involve proof of the methods employed by the contractor, through competent testimony, proof of the proper methods of blasting, soil removal and construction under the soil conditions in the area affected. To require this of each plaintiff separately will defeat his right to relief. Substantially the only separate question of fact is as to the amount of damages to be awarded to each plaintiff who shows injury.

The plaintiffs contend that the judicial construction of the language of section 23 of the Civil Practice Act justifies the joinder of the plaintiffs in the present case. Common questions of both law and fact are involved. The only remaining question is that as to whether the right to relief is ''in respect of or arising out of the same transaction or series of transactions.'' The construction of this language has not been passed upon by this court or by the Supreme Court of Illinois, and plaintiffs quote the Supreme Court in which they say:

''A 'transaction' is something which has taken place, whereby a cause of action has arisen. It must therefore consist of an act or agreement, or several

acts or agreements having some connection with each other, in which more than one person is concerned, and by which the legal relations of such persons between themselves are altered." *Van Meter v. Goldfarb,* 317 Ill. 620.

In the construction of this section we might have in mind Rule 12, which was adopted by the Supreme Court of the State of Illinois, which reads:

"Different breaches of a contract, bond or other obligation, and different breaches of duty, whether statutory or at common law, or both, growing out of the same transaction or based on the same set of facts may be treated as a single claim or cause of action, and set up in the same count."

The plaintiffs support their contention by citing the opinion of several decisions of courts of last resort, and point to the case of *Payne v. British Time Recorder Co.* [1921], 2 K. B. 1, in which the rule of the court is stated:

"Broadly speaking, where claims by or against different parties involve or may involve a common question of law or fact bearing sufficient importance in proportion to the rest of the action to render it desirable that the whole of the matter should be disposed of at the same time, the court will allow the joinder of plaintiffs or defendants subject to its discretion as to how the action should be tried."

Then it is contended by the plaintiffs that an application of the same rule was made in *Drincqbier v. Wood,* L. R. 1899, 1 Ch. Div. 393, wherein the statement of claim alleged that several plaintiffs had suffered damages due to untrue statements in a prospectus and in letters to them individually, for which a loss had been sustained from their investments. The defendants contended that, though each plaintiff had a good cause of action, they could not be joined under Order XVI r. 1, which permits joinder where "in respect of or arising out of the same transaction or

series of transactions any common question of law and fact would arise''; that there were separate contracts with each of the plaintiffs and a separate prospectus sent to each and that the defenses as to the respective plaintiffs were totally different. The court said, however, that if there had been separate actions, there would be common questions of law and fact, and that the prospectus was the same transaction. The court said:

''I do not consider the word 'transaction' in the rule necessarily implies something taking place between two parties as e. g. where a collision between two ships causes damage, or houses are shaken down by a traction engine passing along a highway; it is perfectly true that to establish their respective rights to relief the plaintiffs must prove their title on distinct evidence. But when each plaintiff has proved his title there is a common ground of action, viz. the loss to the plaintiffs caused by the defendants issuing the prospectus. . . . The latter part of the rule provides for the prevention of injustice being done if defendants are embarrassed by joinder of plaintiffs. In the illustration suggested of injury done to a terrace of ten houses by the illegal use of a traction engine passing in front of them, each owner would have to prove title to his house but the other questions of fact and law would be common to all the owners and I have no doubt that they could all sue in one action.''

The plaintiffs cite as an additional authority the case of *Forbes v. City of Jamestown,* 212 App. Div. 332, 209 N. Y. Sup. 99. In that case it appears that a city sewer emptied into a stream along which the respective plaintiffs had several farms separately owned, and their cattle became ill and their milk contaminated with tuberculosis from drinking water. The plaintiffs joined in an action at law for damages. The court in part said:

''It has long been the rule that in both legal and equitable actions parties having interests may unite

as plaintiffs, though affected in a different degree. . . . Under the present practice all persons may be joined in one action as plaintiffs in whom any right to relief arising out of the same transactions is alleged to exist, whether jointly or severally, or in the alternative, where if such persons brought separate actions any common question of law or fact would arise.

"The complaint alleges separate ownership by Grant A. Forbes and Merle R. Forbes of farms of 100 acres and 64 acres respectively. . . . There was presented therefore a case of several as well as of joint causes of action arising out of a single transaction. The present legislative and judicial policy is to make the practice more simple and to obtain speedy results and diminish the cost of litigation. . . .

"Upon proper application it (the defendant) might have obtained severance of the individual claims from the joint cause and separate trials thereof or upon request at the trial it might have required separate verdicts on the causes of action alleged." And again, the plaintiffs have called our attention to the case of *Akely v. Kinnicutt*, 238 N. Y. 466, 144 N. E. 682 (1924), where 193 plaintiffs joined in one suit "each one claiming to have an individual, separate and independent cause of action against the defendants for damages" caused by the defendants inducing them to make separate investments in a stock of a corporation based upon separate letters and sales but where the same prospectus had been received by the several plaintiffs from the defendants. After quoting section 209 of the New York Statute, the court says that the object of the statute was: "to lessen the delay and expense of litigation by permitting the claims of different plaintiffs to be decided in one action instead of many, when, although legally separate and distinct, they nevertheless so involve common questions and spring out of identical or related transactions that their common trial may be had with fairness to the different parties. . . . but it is insisted that these common questions when

compared with all of the questions which must be determined in each case are not of such comparative weight or importance as to justify the union which is being attempted. We are not able to agree with this view. . . . But even on that theory we do not think that it can be said by us as matter of law in this case that there are not present in each cause of action common issues which amply satisfy the test of the statute. . . . These are in the ones in substance whether the defendants conspired to organize a corporation and float its stock at much more than its real value and whether in pursuance of this conspiracy they fraudulently issued a prospectus showing the stock to be much more valuable than it really was. . . . These questions are common to every cause of action. The separate issues, which must be tried in each instance, will be in the main whether the plaintiff saw the prospectus or learned of its representations, was influenced thereby and at a certain date bought a certain amount of stock at a certain price in advance of its real value in reliance thereon. . . .

". . . The transaction in respect of or out of which the cause of action arises is the purchase by plaintiff of his stock under such circumstances, and such purchases conducted by one plaintiff after another respectively plainly constitute a series of transactions within the meaning of the statute. . . . and the many purchases by plaintiffs respectively do not lose their character as a series of transactions because they occurred in different places and times extending through many months."

The defendants, however, cite the case of *Gombi v. Taylor Washing Mach. Co.*, 290 Ill. App. 53, where 31 persons joined as plaintiffs in seeking to enjoin the enforcement of contracts for the sale of washing machines, and our attention has been called by the defendants that the complaint was objected to by defendant on the ground that it joined separate and distinct

claims of individuals arising out of separate and distinct transactions. The plaintiffs contended that the joinder was proper under section 23 of the Civil Practice Act. The Appellate Court, however, sustained the objection of the defendant, and in answering plaintiffs' contention that the joinder was proper under section 23 of the Civil Practice Act, said: "In our opinion this provision simply extends equity practice as to joinder of parties and causes of action, to actions at law. It will be noted that this section restricts the joinder of causes of action to actions arising out of the same transaction or series of transactions and which involves a common question of law or fact." The court further said: "The representations to the several plaintiffs and the contracts were several and distinct, apparently made at separate times. No plaintiff has any pecuniary interest in the contract of any other plaintiff. Each contract is the separate and distinct agreement of the defendant with each individual plaintiff. While the complaint asks 'for an accounting by defendant of money and merchandise received by it by reason of said contracts,' still there are averments in the complaint to the effect that the signatures of the plaintiffs to the contracts were obtained by fraud and circumvention and that the only instrument which any plaintiff executed was a receipt. The allegations of this amended complaint are not as definite and as certain as good pleading requires and it is apparent that the several causes of action of the several plaintiffs arose out of separate and distinct transactions and do not involve any common question of law or fact."

It is apparent from the opinion of the court that the actions of the several plaintiffs were for separate causes of action, and of course the opinion in that case would not apply to the facts as they appear in the instant case, in which the plaintiffs are seeking to recover for damage to their several properties, which was sustained by them. The construction of the in-

tercepting sewer in this locality was carried on under a contract entered into between S. A. Healy Company and the Sanitary District of Chicago. This contract, as appears from the pleadings, was for the construction of this intercepting sewer by excavating and blasting where necessary in order to excavate a sufficient amount of the soil so that this intercepting sewer could be constructed. The blast was by the use of dynamite, and it would appear from the pleadings of the plaintiffs that their properties were damaged as the result of the construction of this intercepting sewer by reason of the means employed in the construction. Of course the removal of the soil that was necessary to construct this sewer would take away some of the lateral support from the buildings of the plaintiffs.

The defendants suggest that before any plaintiff could recover because of defendants' acts, he must prove that there was negligence and that he was damaged thereby. He must prove that there was a blast or blasts and that he was damaged by such blast or blasts, and contend further that it is not sufficient to show that there were blasts. It is not sufficient if to that he added proof that the plaintiff was injured. He must show that the blast or blasts caused the injury. It is not alleged that all of the blasts damaged all of the property, or that any one blast or series of them injured all the property, and it is upon that theory that the defendants largely contend that the plaintiffs did not state a cause of action.

As we have already indicated, the plaintiffs have sustained damages, and the construction of the sewer was being brought about by the effort of the defendant S. A. Healy Company to excavate so as to make sufficient room to construct this intercepting sewer. Now, in doing this work it was necessary to use dynamite to blast, and in blasting it would appear from the pleadings that these dynamite blasts caused the injury to the plaintiffs' property, and that during the

progress of this work by the defendant Healy for the Sanitary District, the property of these plaintiffs was damaged. Now, there is no contention made that the plaintiffs do not allege damage, nor is there any contention that personal injury has not occurred to any of these plaintiffs by reason of the construction work. These plaintiffs are entitled to relief for this damage which occurred by reason of the transaction that was carried on by the defendant S. A. Healy Company under its contract with the Sanitary District and the damages as they occurred arising out of a series of transactions, that is, as the result of the use of dynamite, which caused a subsidence of soil involved in this construction of the sewer and the damage to the buildings.

One of the questions is whether the defendant Healy Co. is liable for injury to property and persons through the use of explosives, the probable effect of which would be injurious even though care and skill have been exercised in the use of the explosives. The plaintiffs cite, as an authority that there is such liability, the case of *Fitz Simons & Connell Co. v. Braun & Fitts,* 94 Ill. App. 533, affirmed by the Supreme Court in 199 Ill. 390, involving damage to property through blasting by a municipal contractor engaged in the construction of a tunnel in a public street. The trial court refused an instruction to the effect that the defendant was not liable if the vibrations or pulsations "were not negligently caused"; ignoring the question of negligence as essential to recovery in another; and gave the following instruction:

" 'The jury are instructed as a matter of law, that a person uses a dangerous explosive at his peril, and that if the use of such explosive causes injury to the property of any other person, the person so using such dangerous explosive is in law liable for the damages so caused' " and this court said upon the question:

"The chief and controlling question presented upon this appeal is as to the extent of the liability of a con-

tractor who, by use of dangerous explosives, causes injury to property of another. If, when the use is lawful, even though naturally dangerous in probable consequences, no liability can be predicated save upon a negligent manner of use, then this cause was submitted to the jury upon an erroneous theory of law. If, however, the contractor, who makes use of a dangerous explosive in the ground near the property of another, and when a natural and probable, though not inevitable, result of such use is injury to such property, is liable for the resulting injury irrespective of the degree of care exercised in the handling or exploding of the substance, then the case was properly submitted and the recovery may be sustained. . . .

"In Wood on Nuisances (2d Ed.) Sec. 128, the author says:

" 'The usual question is whether the injury resulted from some act done outside the property injured, and is the natural and probable consequence of the act or thing complained of. If so, it is a nuisance, however lawful in itself, and however high a degree of care or skill may have been exercised to prevent the injury.'

. . .

"We are of opinion that the instructions tendered by counsel for appellee and given by the court are substantially correct. . . . The charge is not confined to the manner of handling the explosive but goes to the negligence of any use of it, however careful. . . . While there is no evidence to establish any negligence in the specific manner in which the explosive was handled, yet the evidence does establish that negligence which the law imputes to an act by which the property of another will naturally and probably be caused a consequential injury." The Supreme Court in affirming this court, said: (199 Ill. 390)

"We need not set forth in full the instructions with relation to the liability of the appellant company for any injury or damage resulting from the use of dyna-

mite. They announced, in substance, the proposition that one who makes use of an explosive in the ground near the property of another, when the natural and probable, though not inevitable, result of the explosion is injury to such property of the other, is liable for the resulting injury, however high a degree of care or skill may have been exercised in making use of the explosive. . . . The doctrine of the charge to the jury we think correct.''

The plaintiff states that the Sanitary District had no power to permit a dangerous use of the streets of Chicago. The city of Chicago merely by virtue of permitting intrinsically dangerous work on its streets is liable for resulting damage. This is independently of any negligence on its part, and is but a liability of the same type as that of the contractor who actually does the injury. This statement of course is pertinent and would apply to the instant case where the plaintiffs are seeking to recover damages to their property by the method and use, as outlined in this opinion, in making the excavation for the intercepting sewer.

Upon a further question of the liability of the defendant, under the terms of its contract with the Sanitary District, to the plaintiffs in this action for damages which they have sustained as outlined in the pleading under discussion, the plaintiffs state that by statute the Sanitary District is liable without regard to negligence, and the plaintiffs are entitled to sue the contractor Healy Company under the terms of the contract between it and the Sanitary District, under which it assumed liability without negligence, and base their theory upon the case in the Supreme Court entitled *Carson Pirie Scott & Co. v. Parrett,* 346 Ill. 252, where the court said: ''The rule is settled in this State that if a contract be entered into for a direct benefit of a third person not a party thereto, such third person may sue for breach thereof. The test is whether the benefit to the third person is direct to him or is but an

incidental benefit to him arising from the contract. If direct he may sue on the contract; if incidental he has no right of recovery thereon. . . . In such a case no opinion in an adjudicated case, even of this court, is controlling unless the language of the contract or the circumstances surrounding the parties are substantially the same, since each case must depend upon the intention of the parties as that intention is to be gleaned from a consideration of all of the contract and the circumstances surrounding the parties at the time of its execution.'' The plaintiffs suggest that the circumstances are substantially the same in all public contracts where injury to persons or property is foreseen and provided for in the contract by which the contractor ''covenants and agrees to pay all damages for injury to real or personal property or for any death or injury sustained by any person,'' and further suggest and use the following language: ''And clearly the benefit to the injured third person is direct when the contractor agrees not only 'to pay all damages . . . sustained by any person' but also that 'The Contractor shall at his own expense repair any damage to . . . buildings or other property of the Sanitary District or other owners or work under construction by other contractors. . . .' '' And it would appear from the brief filed by the plaintiffs that by the covenants of the contract the contractor assumes three types of liability: ''(1) one, to rebuild or repair damaged property—a liability to the owner of the damaged property; (2) two, 'to pay all damages for injury to real or personal property or for any injury or death sustained by any person'—a liability to the injured party, in the ordinary use of language and (3) three, to protect the Sanitary District from loss occasioned to it by suits or claims against the Sanitary District by virtue of its direct liability for injuries resulting from the sewer construction.'' And then they set out the various provisions which are contained in the con-

tract between the Sanitary District and the defendant S. A. Healy Company upon the question of payment of damages, and that the contractor shall "at his own expense" repair any damage to property as well as to persons, and the sole question before us is whether the provisions are intended for the benefit of third parties.

It appears from section (5) of the contract that:

"The contractor shall at his own expense repair any damage to . . . buildings or other property of the Sanitary District or other owners." Section (17) refers again to the contractor's liability for repairs, and requires replacement by the contractor of lawns, trees, shrubs and plants upon "private property." Section (47) requires the contractor, in case of injury by blasting "to any portion of the sewer or other structure or to the material supporting same," to rebuild the sewer or other structures and to replace the material surrounding or supporting same, "without extra payment therefor." It would appear from these provisions that the contractor has agreed to repair or rebuild injured properties at his own expense, and no showing of negligence is necessary to support that cause of action.

We believe there is sufficient in the statement of the plaintiffs to justify the court in denying the motion to dismiss.

The remaining question is as to the liability of the Sanitary District of Chicago, and from the provision of the statute under which the Sanitary District was incorporated, the district shall be liable for all damages within the district by reason of the construction, enlargement or use of any channel, drain, ditch or other improvement. Ill. Rev. Stat. 1937, ch. 42, par. 339, sec. 19 [Jones Ill. Stats. Ann. 122.128]. This is in addition to the constitutional provision relating to damages for injuries to real property by a public improvement.

The Sanitary District of Chicago obtained its right upon the street in question under and by virtue of the

contract ordinance with the city of Chicago passed July 22, 1935, which the district accepted in writing. This ordinance recited that authority was thereby granted to the district to construct the intercepting sewer on Racine avenue upon condition that the city shall not be held responsible in any manner for the construction of the same and that the district shall indemnify and hold harmless the city of Chicago from any and all claims for damage to real or personal property and injuries or death suffered by persons by reason of the construction of the sewer and shall restore the street to its former usefulness as soon after the completion of the construction work as is practicable. It seems but reasonable to consider that the ordinance was no lawful grant to the district to damage the property of the abutting owners. When the property of such owners is damaged, such owners may recover for the injury to their property which was the result of the acts alleged *Aldis v. Union Elevated R. Co.*, 203 Ill. 567; *Metropolitan West Side El. R. Co. v. Dick*, 87 Ill. App. 40; *Capital Electric Co. v. Hauswald*, 78 Ill. App. 359. It would seem from the allegations of the complaint that the Sanitary District of Chicago was a proper party defendant in this action. This same conclusion will apply to the cause of action of the plaintiffs against the defendant city of Chicago, and the complaint sets forth that it was necessary in order to construct the sewer that rock be blasted in the trench. The city, by the contract ordinance with the Sanitary District, stipulated that work under the ordinance should be done ''as may be agreed upon'' by the commissioner of public works of the city and also stipulated that the district indemnify the city against all claims for damages by reason of the construction of the sewer.

In the case of *Macer v. O'Brien*, 356 Ill. 486, the city, by ordinance had granted authority to the Sanitary

District to construct a sewer on LaVergne avenue. In that case it was alleged as in the instant case that dangerous work was carried on in a public street of the city and that with knowledge of such a nuisance being committed the city permitted the work to go on. In the instant case it was alleged also that high explosives were being used in excavating. Under such circumstances the rule as stated in the *Macer* case is that the city is liable no matter how carefully the work is performed, and although the acts complained of are performed by an independent contractor. See also *City of Chicago v. Murdock*, 212 Ill. 9.

In the *Macer* case the court said:

"The rule is well settled that a municipality is bound to exercise its control over streets for the protection of the public. That duty extends to abutting property. If the municipality permits work intrinsically dangerous to be done in a street it is liable for any resulting damage to the public or to abutting property even without notice that such damage is being done, and it cannot escape liability for damages occasioned by a dangerous method employed in work not of itself intrinsically dangerous if it has notice of such dangerous method and thereafter fails to prevent it."

The further question to be considered is that by the motions to dismiss of the defendants Healy Company and the Sanitary District of Chicago they question the desirability of the action as presented in the instant case, for the reason that material difficulties would present themselves in the trial of the case with a large number of plaintiffs. However, the method of trial is largely within the discretion of the trial court. If "upon the application of any party" it appears that joinder of plaintiffs may embarrass or delay the trial "the court may order separate trials or make such other order as may be expedient" and judgment may be given for "one or more of the plaintiffs." (Civil Practice Act, section 23.)

It is also suggested that section 44 of the Civil Practice Act permits a broad joinder of causes of action "but the court may, in its discretion, order separate trials of any such causes of action"; and by section 51 of the Civil Practice Act "an action may be severed, and actions pending in the same court may be consolidated as an aid to convenience, whenever it can be done without prejudice to a substantial right." And with the joinder of parties and causes of action, it was necessary to provide that "judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants." (Civil Practice Act, sec. 50.)

From section 23 of this act, upon which the action is based, it appears that "if upon the application of any party it shall appear that such joinder may embarrass or delay the trial of the action, the court may order separate trials or make such order as may be expedient, and judgment may be given for such one or more of the plaintiffs as may be found to be entitled to relief."

As we have already indicated, this provision of the statute puts the method of trial within the power of the court having the matter before it.

Plaintiffs call our attention to the case entitled *In re City of New York*, 237 N. Y. 275, 142 N. E. 662, which involved a condemnation proceeding in which one party claimed title to all the property upon the basis of a royal grant, except as to 3 of 22 parcels, title to which was claimed to be derived from the same source. The court severed the proceeding as to title by royal grant, and tried this issue separately. The New York Court of Appeals said that this was proper in that a decision favorable to title by royal grant would make practically unnecessary the presentation of evidence by 18 claimants. Citing section 96 of the New York Civil Practice Act, the court said that: "The sever-

ance of issues in a cause or proceeding is not unknown to the law.'' (237 N. Y. 275.) And in the case of *Schultz v. Gilbert,* 300 Ill. App. 417, 20 N. E. (2d) 884, Mr. Justice STONE, concluded his opinion with the statement that ''the same act which allows innumerable plaintiffs to be joined in one law suit, also gives the power to the court to sever the issues when in the interest of justice such severance seems expedient.'' So that from a consideration of the questions that are disturbing the defendants, we find that the trial court has control of the subject matter that is being discussed by this court, and may take such steps as will sever the parties or the issues and protect the several interests of the parties to the litigation. We believe from the allegations contained in the complaint that the court erred in sustaining the defendants' motion to dismiss and in entering the judgment that was entered, and therefore, the cause is reversed and remanded to the trial court with directions to set aside its order to strike the complaint and to dismiss the suit; to overrule the motions of the several defendants to dismiss the suit, and to direct that the defendants answer the complaint within a reasonable time, as may be directed by the trial court.

*Reversed and remanded with directions.*

DENIS E. SULLIVAN, P. J., and BURKE, J., concur.