In the Matter of INCORPORATED VILLAGE OF VALLEY STREAM, Appellant, Relative to Acquiring Title to Real Property Situated in Said Village for Municipal Uses and a Parking Field.   MARGARET INSINGER, Respondent.— In this condemnation proceeding, the Incorporated Village of Valley Stream, Nassau County, claimed title to parcel 2 in the proceeding by dedication and acceptance, and respondent claimed title by adverse possession.   Parcel 2 is

■

a long, narrow strip of land, its thirty-three feet width bordering on a public street, and its entire length adjoining parcel 1, which respondent owns. In 1835, the parcel in dispute and adjoining lands were owned by one individual who thereafter conveyed various tracts by deeds which granted a right of way over parcel 2. There is no evidence that he ever divested himself of the fee to the parcel. Subsequently, certain land companies, whose source of title does not appear in the record, filed maps designating parcel 2 as " Aqueduct Ave.". There is no claim that the village ever worked upon or improved the alleged street which, at least since 1910, has been blocked for two thirds of its width by respondent's barn and shed, and is practically impassable to vehicles by reason of the growth of trees and underbrush. Respondent's father, when he purchased the property in 1910, received a deed to parcel 1, described therein as being bounded on the north by " a certain right of way", i.e., parcel 2. The barn and shed had already been erected on parcel 2, as well as certain fences and a gate, so that said parcel was enclosed on the west and north by fences, on the east by the gate, and on the south by parcel 1. Ever since said purchase in 1910, both parcels have continued to be used as one unit; parcel 2 being cultivated as a garden and used to raise chickens and to pasture a cow. No one else ever made any claim to any right or interest in the parcel. During the period, 1925-52, tax bills rendered to respondent and her predecessor by the village treated both parcels as one, and were paid. In 1940, respondent's father deeded the property to her, describing parcel 2 as having been occupied and used by him since 1910. The County Court, Nassau County, dismissed the village's claim of ownership to parcel 2, and adjudged that respondent is vested with title in fee thereto. The village appeals from the order entered thereon. Order unanimously affirmed, with costs. The order is appealable. (Cf. *Erie R. R. Co.* v. *Steward*, 59 App. Div. 187, and *Matter of City of New York* [*Staten Is. Proc.*], 237 N. Y. 275.) Present — Nolan, P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ. [See *post*, p. 815.]